**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

UNITED STATES OF AMERICA,    :
    Plaintiff,    :
        :    CIVIL ACTION NO.
    v.    :    1:10-CR-0416-WBH
        :
ESTEBAN ALCAPONE ROSARIO,    :
    Defendant.    :

## ORDER

This matter is before the Court for consideration of the Report and Recommendation (R&R), [Doc. 36], of the Magistrate Judge in which she recommends that this Court deny Defendant's motions to suppress statements and evidence. [Docs. 18, 19]. Defendant has filed objections, [Doc. 38], to the R&R in which event this Court must perform a *de novo* review of those portions of the R&R that are the subject of Defendant's objections.

This Court refers to the factual summary provided in the R&R to which Defendant has not objected. Based on that summary, it appears that Defendant stands accused of placing a 9 mm MAC-10 submachine pistol and a 30-round magazine in a suitcase and checking the suitcase onto a Delta Airlines flight from Atlanta to Puerto Rico without following proper procedures set forth in 18 U.S.C. § 922(e) for transporting a gun in a checked bag. Defendant also transported other guns in a second

AO 72A
(Rev.8/8
2)

suitcase, and, while he declared that the second suitcase contained guns, he misrepresented the number of guns.

A Transportation Security Agency screener found the gun in the undeclared suitcase after a routine search. The TSA then alerted Delta to locate Defendant and escort him from the gate area to the baggage screening area. At the baggage screening area, Defendant was met by a federal air marshal supervisor and an Atlanta police officer. There was some initial confusion when a Delta employee appeared and indicated that it was his fault that the submachine pistol had not been declared, but the police officer remained suspicious and called the Federal Bureau of Alcohol, Tobacco and Firearms. Ultimately, officials determined that Defendant had failed to properly declare the firearm. Officials then called the federal security director at the San Juan, Puerto Rico, airport and asked him to intercept Defendant's second suitcase – the one that contained firearms that Defendant had declared. A search of that second bag revealed four undeclared firearms in addition to the three Defendant had declared.

At the baggage screening area, Defendant made several statements that the Government seeks to introduce at trial. Defendant seeks to suppress those statements because he claims that he was in custody at the time and had not received his Miranda warnings. Defendant also seeks to suppress the four firearms discovered in the search

of the second suitcase in Puerto Rico based on his assertion that the search was unreasonable.

The Magistrate Judge concluded (1) that Defendant's statements should not be suppressed because "the facts of this case do not support a conclusion that Defendant was subject to restraints comparable to a formal arrest during the questioning," [Doc. 36 at 11], and (2) that the search of Defendant's second bag in Puerto Rico was not unlawful because, "once Defendant checked his bags at the airport, they were subject to administrative search," [id. at 12].

The Magistrate Judge's second conclusion regarding the search of Defendant's suitcase in Puerto Rico is clearly correct. Given the widely-understood need to prevent terrorist attacks, airline travelers know that their checked bags are subject to routine searches such that Defendant cannot demonstrate that he had an expectation of privacy with respect to his checked suitcase. Moreover, pursuant to 49 C.F.R. § 1544.203, all checked baggage is subject to search, and all airline passengers must consent to a search of their luggage as a condition of the airline accepting it. Under Tariff Rule 190.B.1 of the Delta Domestic General Rules Tariff, available at http://www.delta.com/legal/contract_of_carriage/index.jsp, Defendant agreed that, as a condition of Delta's accepting his baggage for transport, his baggage was subject to inspection.

AO 72A
(Rev.8/8
2)

Whether Defendant's statements made at the baggage screening area are admissible is a more difficult determination. Clearly, Defendant had been "seized" when a Delta employee confronted him at the gate and accompanied him to the baggage screening area. United States v. Knox, 839 F.2d 285, 289 (6th Cir. 1988) (criminal defendants seized when approached at airport by agent and asked to accompany him for questioning). The question then is whether the seizure of Defendant was more akin to a minimally-intrusive, investigative Terry stop or a formal, custodial arrest. See Maryland v. Shatzer, 130 S. Ct. 1213, 1224 (2010) (noting that Terry stops do not require Miranda warnings). Facts supporting a Terry stop include that Defendant was not handcuffed, no guns were pointed at him, and, at least initially, Defendant was questioned in a public area of the baggage screening area. On the other hand, it is apparent that Defendant's detention was fairly extended.

When considering all of the facts, however, this Court concludes that the Magistrate Judge is correct. It is clear that when officials first detained Defendant, they did so in an effort to investigate whether he had committed a crime, as is demonstrated by the fact that the federal air marshal left the scene believing that no federal violation had occurred when a Delta employee incorrectly said he was to blame. [See R&R at 6]. Moreover, nothing in the facts as found by the Magistrate Judge indicates that Defendant's interaction with investigators was the type of coercive

4

interrogation that the <u>Miranda</u> rule is intended to prevent.  <u>United States v. Archbold-Newball</u>, 554 F.2d 665, 673 (5th Cir. 1977).  According to the Magistrate Judge,

> Here, Defendant made voluntary statements and willingly assisted in efforts to clear up any suspicion that he was unlawfully transporting firearms or ammunition.  Defendant was not handcuffed, no weapons were drawn, the questioning at issue lasted only about twenty minutes and was limited to the investigation of a possible undeclared firearm found in Defendant's checked luggage. During the period in question, Defendant was not formally accused or told that he was under arrest.

[R&R at 11].

Under these circumstances this Court concludes that a reasonable person would not conclude that he was under formal arrest, and <u>Miranda</u> warnings were not required.


### <u>Conclusion</u>

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the R&R, [Doc. 36], is **ADOPTED** as the order of this Court.  Defendant's motion to suppress statements, [Doc. 18], and his motion to suppress evidence, [Doc. 19], are both **DENIED**.

**IT IS FURTHER ORDERED** that the trial in this matter will commence at 9:30 AM on Monday, October 10, 2011, in Courtroom 1707 of the Richard B. Russell Federal Building and Courthouse.  All pretrial motions must be filed no later than

AO 72A
(Rev.8/8
2)

September 23, 2011, and responses to those motions must be filed by September 30,

2011. Likewise, the parties must also file their proposed jury instructions (excluding

the 11th Circuit's pattern general instructions) no later than September 30, 2011.

**IT IS SO ORDERED** this 21st day of September, 2011.


WILLIS B. HUNT, JR.
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/8
2)